# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### TRENTON VICINAGE

|  |  |
|---|---|
| KE LU, | CIVIL ACTION: 06-1639 ~~(SRC)~~ *FLW* |
| Plaintiffs, |  |
| v. |  |
| MAN-SHI SUI; PENG CHEN; JOHN DOES 1-10 (Fictitious Names), |  |
| Defendants. |  |

RECEIVED
JUL 08 2008
AT 8:30 M
WILLIAM T. WALSH
CLERK

## CONSENT DISCOVERY CONFIDENTIALITY ORDER

Archer & Greiner
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033
(856) 795-2121

Attorneys for Defendants,
Man-Shi Sui and Peng Chen

By:   JOHN C. CONNELL, ESQUIRE
      WILLIAM L. RYAN, ESQUIRE

**THIS MATTER** having come before the Court, at the request of defendants, and for good cause shown;

**IT IS ON THIS** *3* day of *July* 2008;

**ORDERED** that the following procedures and restrictions shall apply to certain information, documents produced by the plaintiff, in the course of pre-trial discovery and motions as well as trial in the above-captioned action ("Action").

1.     PURPOSE. The Purpose of this Consent Discovery Confidentiality Order is to assure that "Confidential Material", as defined herein, (a) shall be accessible only to "Qualified Persons", (b) shall be used only in connection with the trial or preparation for trial of this action, and (c) under no circumstances shall be disclosed, produced, or released to anyone, except as strictly provided herein.

2.     CONFIDENTIAL MATERIAL. "CONFIDENTIAL MATERIAL", as used herein, means information which is contained in:

a.     Those portions of the Divorce Decree that both refer to a non-party to this litigation and discuss the history of the Plaintiff's domestic relationship with his ex-wife or the incident in Qinghuan Dao;

b.     All documents and testimony concerning the incident in Qinghuan Dao that refer to a non-party to this litigation;

c.     All documents and testimony that relate to Plaintiff's personal life and intimate relations that refer to a non-party to this litigation;

d.     All documents and testimony that relate to Plaintiff's personal financial information, including Plaintiff's assets, income, payroll statements and/or current commission; and

e.     All documents and testimony concerning the vetting process that applied to Plaintiff when he was being considered for a senior position in the Chinese government.

3.     ACKNOWLDEGEMENT. In connection with the proceedings in this Action, all parties to this Consent Discovery Confidentiality Order agree and acknowledge that the information identified in paragraph 2 of this Consent Discovery Confidentiality Order constitutes "CONFIDENTIAL MATERIAL", and as such are entitled to protection from disclosure, and therefore shall be examined and used in this litigation only in the manner set forth herein. The provisions herein shall also apply to any non-party examining or using such "CONFIDENTIAL MATERIAL" for the limited purpose of providing testimony, documents or information in such discovery proceedings or trial of this action, who as a pre-condition of which must agree to be

1

bound by the terms of this Consent Discovery Confidentiality Order. References to a "party" or "parties" herein shall also include such non-parties.

4.    DESIGNATION. All or any part of a document containing information identified in paragraph 2 of this Consent Discovery Confidentiality Order, disclosed or produced herein shall be designated as "CONFIDENTIAL MATERIAL" and so marked with the words "CONFIDENTIAL: SUBJECT TO CONSENT DISCOVERY CONFIDENTIALITY ORDER" or substantially similar language on the face of the document and on each separate part or component of the document, material or information.

5.    INADVERTENT PRODUCTION WITHOUT PREJUDICE. The inadvertent production of any document, material or other information constituting "CONFIDENTIAL MATERIAL" during discovery in this Action shall be without prejudice to any claim that such material is confidential, and no party shall be held to have waived any rights by such inadvertent production.

6.    QUALIFIED PERSONS. Any materials designated as "CONFIDENTIAL MATERIAL" or any information derived therefrom may only be examined or used by counsel or disclosed or made available by counsel receiving such information to "QUALIFIED PERSONS", who in the case of documents, material or information designated as "CONFIDENTIAL MATERIAL" are defined to consist solely of:

    a.    the Court;

    b.    the parties, counsel to the parties to this Protective Order, plaintiff's ex-wife, other non-parties/witnesses as necessary to this litigation, and the paralegal(s), clerical and secretarial staff, and investigators employed by such counsel;

    c.    court reporters; and

    d.    independent experts and/or advisors, not employed by any party during the normal course of such party's business, but consulted by counsel for such party solely in connection with this Action, whether or not retained to testify at trial.

Under no circumstances is any other person, not identified above to be deemed a "Qualified Person".

7.    NONDISCLOSURE. It is specifically agreed and understood that materials designated as "CONFIDENTIAL MATERIAL" shall not be disclosed to persons or categories of persons other than those "QUALIFIED PERSONS" specifically enumerated in Paragraph 6, and in particular shall not be disclosed to, produced to, shared with, released to or inspected by any members of the public or the media.

8.    STRICTLY LIMITED USE. Materials designated as "CONFIDENTIAL MATERIAL" shall be used solely by counsel in connection with the preparation for the prosecution and/or defense of this Action and any appeal thereof, and in accordance with the provisions of this Consent Discovery Confidentiality Order, as well as Fed.R.Civ.P. 26(c) and Local (D.N.J.) Civ. R. 5.1, 5.2, and 5.3.

9.      EXECUTION OF WRITTEN AGREEMENT FOR ACCESS. Except as specifically provided herein, material designated as "CONFIDENTIAL MATERIAL" shall not be disclosed, delivered, or made available to "QUALIFIED PERSONS" other than persons within the definition of Paragraph 6 of this Consent Discovery Confidentiality Order. Further, "CONFIDENTIAL MATERIAL" shall not be disclosed, delivered, or made available to "QUALIFIED PERSONS" specifically enumerated in Paragraph 6 unless he or she has first read this Order and agreed, by executing an undertaking in the form of "Exhibit A" attached hereto: (a) to be bound by the terms of this Consent Discovery Confidentiality Order; (b) not to reveal information designated as "CONFIDENTIAL MATERIAL" to anyone other than another Qualified Person; and (c) to use information designated as "CONFIDENTIAL MATERIAL" solely for the purposes of this litigation. Executed documents evidencing such an undertaking shall be retained by the party or attorney who discloses the document or material designated as "CONFIDENTIAL MATERIAL" to the Qualified Person and shall be produced for inspection and copying upon the request of any other party to this Action or upon order of the Court.

10.     MAINTAINING THE CONFIDENTIALITY OF CONFIDENTIAL MATERIAL. The parties shall take all necessary and appropriate measures to maintain the confidentiality of the documents or information and shall retain the documents, information or materials in a secure manner. In the event documents marked "CONFIDENTIAL MATERIAL," or information derived therefrom, is discovered to have been disclosed to anyone other than the persons or categories of persons specifically enumerated in Paragraph 6, counsel shall produce true and correct copies of the executed Exhibit A forms within 5 days of a demand for same.

11.     COPIES. Any "QUALIFIED PERSONS" who obtain access to "CONFIDENTIAL MATERIAL" under this Consent Discovery Confidentiality Order may make copies, duplicates, extracts, summaries or descriptions of the documents or information solely for the purposes of this litigation. However, all such copies, duplicates, extracts, summaries or descriptions shall be subject to the terms of this Consent Discovery Confidentiality Order to the same extent and manner as original documents.

12.     NO WAIVER. Any unauthorized disclosure of documents or information designated as "CONFIDENTIAL MATERIAL" under this Consent Discovery Confidentiality Order shall not result in a waiver of the confidentiality of such "CONFIDENTIAL MATERIAL".

13.     USE IN FILINGS UNDER SEAL. Nothing contained in this Consent Discovery Confidentiality Order shall preclude the use of information designated "CONFIDENTIAL MATERIAL" in an affidavit, motion, brief, memorandum or other document filed with the Court in connection with this Action, provided that it is necessary for use in connection with motions, conferences or other pretrial proceedings in this Action, and is properly marked and secured in accordance with this Consent Discovery Confidentiality Order. Any such use of information designated as "CONFIDENTIAL MATERIAL" shall be submitted to the Court pursuant to Local (D.N.J.) Civ. R. 5.1, 5.2, and 5.3. It shall be the responsibility of the party seeking to file "CONFIDENTIAL MATERIAL" with the Court to obtain the necessary order permitting the filing of such documents under seal. In the event that a filing party intends to use information designated as "CONFIDENTIAL MATERIAL" in any document being filed with the Court in conjunction with a motion for any form of affirmative or dispositive relief without a prior motion

3

to seal pursuant to Local (D.N.J.) Civ. R. 5.3(c), the filing party shall give the non-filing party ten (10) days notice containing a description of the information being used.  All documents required to be filed under seal by the terms of this Consent Discovery Confidentiality Order shall be placed in sealed envelopes or other sealed containers, which envelopes or containers shall be marked with the title and case number of this Action and shall bear a statement substantially in the following form:

### CONFIDENTIAL: SUBJECT TO CONSENT DISCOVERY CONFIDENTIALITY ORDER

This envelope contains documents which are filed under seal in this case pursuant to the Consent Discovery Confidentiality Order filed by this Court.  This envelope or container is not to be opened nor the contents thereof displayed or revealed except to the individuals or entities designated in the above-referenced Consent Discovery Confidentiality Order, by consent of the parties, or in accordance with a further Order of the Court.

14.     RETURN FILINGS UNDER SEAL.  All documents filed under seal shall either be returned to counsel submitting it upon disposition of the motion, conference or other pretrial proceeding or it shall remain in the Court's file under seal.  If any information designated as "CONFIDENTIAL MATERIAL" is used in an affidavit, motion, brief or memorandum, all portions of such affidavit, motion, brief or memorandum which contain, refer to, paraphrase, quote, describe or contain or relate to such information shall be treated as "CONFIDENTIAL MATERIAL" pursuant to the terms of this Consent Discovery Confidentiality Order.

15.     USE IN DEPOSITIONS.  With respect to depositions, any party, non-party or any person employed by, formerly employed by, or acting on behalf of any party to this Consent Discovery Confidentiality Order, may at deposition designate testimony of the deponent "CONFIDENTIAL MATERIAL" and request that the court reporter insert a statement regarding the confidentiality of the information into the deposition transcript.  Each party shall have until ten (10) days after receipt of the deposition transcript within which to inform the other parties, in writing, that portions of the transcript are designated as "CONFIDENTIAL MATERIAL".  No such deposition transcript shall be disclosed to any person other than the persons described in paragraph 6 of this Consent Discovery Confidentiality Order and the deponent (and the deponent's counsel in the case of a separately represented non-party) during those ten (10) days, and no person attending such a deposition shall disclose the contents of the deposition to any person other than those described in paragraph 6 of this Consent Discovery Confidentiality Order during the said ten (10) days.  Upon being informed that certain portions of a deposition are designated as "CONFIDENTIAL MATERIAL" each party shall cause each copy of the transcript in its possession, custody or control to be so marked.

16.     OBJECTIONS.  In the event that counsel for the party receiving documents, materials or information designated as "CONFIDENTIAL MATERIAL" objects to such designation of any or all of such items and intends to disclose any of those materials to any person other than those described in paragraph 6 of this Consent Discovery Confidentiality Order, said counsel shall advise the producing party of the basis of the objection and the reasons therefore.  If the producing party objects to the proposed disclosure, all the items shall be treated

as confidential under this Consent Discovery Confidentiality Order pending a resolution of the parties' dispute, and it shall be the obligation of the party asserting confidentiality (the "producing party") to arrange for a hearing before the Court with respect to the propriety of the designation.

17.     RESPONSE TO OBJECTIONS.  Upon notice of the receiving party's intention to disclose documents, materials or information designated as "CONFIDENTIAL MATERIAL," the producing party may consent in writing to a limited disclosure of the material in question. Any such consent shall not constitute a waiver of any objection, claim of confidentiality or basis for a motion as to the propriety of the continued or expanded disclosure of the material in question.

18.     NO PREJUDICE FOR DISCLOSURE REQUIRED BY LAW.  Entering into, agreeing to and/or complying with the terms of this Consent Discovery Confidentiality Order shall not:

      a.     Prejudice in any way the right of any party, at any time;

      i.     to seek a determination by the Court of whether any particular document, item or material or piece of information should be subject to the terms of this Consent Discovery Confidentiality Order; or

      ii.     to seek relief on appropriate notice from any provision(s) of this Consent Discovery Confidentiality Order, either generally or as to any particular documents, item of material, or piece of information; or

      iii.     to seek further protection as to particular documents, materials, or pieces of information pursuant to Fed. R. Civ. P. 26(c).

19.     NON-PROHIBITED OTHER DISCLOSURES.  Nothing contained in this Consent Discovery Confidentiality Order shall prohibit any person from disclosing any information designated as "CONFIDENTIAL MATERIAL" to any of the following:

      a.     Any governmental authority or agency pursuant to the valid exercise by any government authority or agency of the powers and authorities granted to it by law, provided that the producing party is given notice that said information will be produced in sufficient time to permit the producing party to challenge the production of said information in the appropriate legal forum; or

      b.     Any person or entity pursuant to the valid and legal use of compulsory process, including the exercise of subpoena powers, provided that the producing party is given notice that said information will be produced in sufficient time to permit the producing party to challenge the production of said information in the appropriate legal forum.

20.     NON-REFUSAL.  However, no person or party requested or compelled to produce such information pursuant to the valid of exercise by any government authority or agency of the powers and authorities granted to it by law, pursuant to the valid and legal use of compulsory process, including the exercise of subpoena powers, shall be required to refuse to

produce said information if, in so doing, such person or party would subject itself to penalties or punishment including those for contempt of court.

21.     ULTIMATE DISPOSITION. All documents designated as "CONFIDENTIAL MATERIAL" in accordance with this Consent Discovery Confidentiality Order shall be returned to the producing party at the conclusion of this action or be destroyed. The "conclusion" of this action means sixty (60) days following the exhaustion of or expiration of time for appeal rights on all claims, the filing of a stipulated dismissal or the entry of a voluntary dismissal, or as may be determined by the Court.

22.     FULL FORCE AND EFFECT. This Consent Discovery Confidentiality Order shall remain in full force and effect after the termination of this litigation or until cancelled or otherwise modified by order of this Court, or by written agreement of the parties.

Hon. Tonianne Bongiovanni, U.S.M.J.

**CONSENTED AND AGREED TO:**

**For Plaintiff:**

Adam Wang, Esquire
Dal Bon & Wang
12 South First Street, Suite 613
San Jose CA 95113
(408) 421-3403
Attorneys for Plaintiff

Dated: _____

**For Defendants:**

John C. Connell, Esquire
William L. Ryan, Esquire
ARCHER & GREINER, P.C.
One Centennial Square
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for Defendants

Dated: _____

3372517v1

6

**EXHIBIT A**
**AGREEMENT FOR ACCESS**
**TO CONFIDENTIAL DOCUMENTS AND INFORMATION**

I _____ hereby acknowledge and affirm that I have read the terms

and conditions of the Consent Discovery Confidentiality Order entered by the Court in the

above-captioned matter on the _____ day of _____, 20____.  I understand the terms of the

Court's Consent Discovery Confidentiality Order and, under oath, consent to be bound by the

terms of the Consent Discovery Confidentiality Order as a condition to being provided access to

confidential documents and information furnished by the parties to this action.

By executing this Agreement, I hereby consent to the jurisdiction of the above-captioned

Court for the purpose of enforcing the terms of the Court's Consent Discovery Confidentiality

Order.

I hereby declare under the penalty of perjury under the laws of the United States of

America that the above statements are true and correct.

_____
(Name of recipient)

Dated: _____
3372517v1

7